IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONDA C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2114-G-BH |
| | § | |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this social security appeal was automatically referred for issuance of findings, conclusions, and recommendation. Before the Court for recommendation is *Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act*, filed October 25, 2018 (doc. 22). Based on the relevant findings, evidence, and applicable law, the application should be **GRANTED in part**.

## I. BACKGROUND

On August 10, 2017, Ronda C. (Plaintiff) filed a complaint seeking judicial review of a final decision by the Acting Commissioner of Social Security (Commissioner) that denied her claim for disability insurance benefits under Title II of the Social Security Act. (doc. 1.) On March 23, 2017, the Commissioner's decision was reversed in part, and the case was remanded for further proceedings. (docs. 19, 20, 21.)[1] Plaintiff subsequently moved for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (doc. 22.) The Commissioner does not object to the hourly rate but objects to the number of hours claimed. (doc. 25.) She also

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

contends that the award should be made payable directly to Plaintiff, not her counsel. (*Id*. at 3.)

## II. ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party";[2] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[3] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards. *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark*

---

[2] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

[3] The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

*v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

**A.    Attorney Hours**

As the prevailing party, Plaintiff has requested a total of $9,878.75 in attorney's fees based on 40.2 hours of attorney work and 5.75 hours of paralegal work for litigating this appeal in federal court, and 7.6 hours of attorney work and .75 hours of paralegal work for preparing and filing the EAJA application. (docs. 22-1, 22-2, 26.) She has submitted a Statement of Time Expended (Statement), which consists of detailed time entries for legal services rendered by her counsel in his capacity as attorney or paralegal.[4] (doc. 22-2 at 1-6.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between July 5, 2017 and October 25, 2018.[5] (*Id.*) The Statement seeks a total of 47.8 attorney hours at a rate of $193.75, and 6.5 paralegal hours at a rate of $95.00.[6] (docs. 22-1 at 8; 22-2 at 6.)

The Commissioner argues that the typical EAJA application for attorneys fees in social

---

[4] Plaintiff refers to the Statement as "Plaintiff's Hourly Fee Affidavit" (doc. 22-1 at 6), but it does not include any declaratory statements and was not executed (*see* doc. 22-2).

[5] While some of the entries for multiple activities identify the amount of time expended on each legal activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks, and the total of the time entries differs from Plaintiff's calculation of "total attorney time." (*See* doc. 22-2.) For example, the second paragraph of the January 2, 2018 entry contains three separate time entries of 45 minutes, 80 minutes, and 45 minutes, but there is an unspecified time entry of 90 minutes next to it. (*See id.* at 4.) It is not clear whether the "90 minute" entry is intended to reflect the total time that is being requested for the activities described in the second paragraph, or if it is a separate time entry that is missing a narrative description.

[6] Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id.* Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $193.75 per hour for work performed in 2017 and 2018 is appropriate based on a cost-of-living adjustment. (docs. 22-1 at 4, 25 at 3.) Paralegal work is also reimbursable under the EAJA, which is based on market paralegal rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008). Plaintiff argues, and the Commissioner does not dispute, that $95.00 per hour is the reasonable market rate for paralegal work in the Northern District of Texas. (docs. 22-1 at 4-5; 25 at 3.)

security cases involve between 20 and 40 hours of attorney work. (doc. 25 at 2.) She contends that the current case did not involve particularly complex facts or legal issues, and that some of Plaintiff's requests are excessive. (*Id.*) She claims that the 47.8 attorney hours and 6.5 paralegal hours for litigating Plaintiff's case in federal court are unreasonable, and requests a reduction to 36 attorney hours and 6 paralegal hours. (*Id.* at 3.)

### 1. *Time for Attorney-Client Communications*

The Commissioner first argues that 13.25 attorney hours and 1.42 paralegal hours were for tasks performed after the briefing was completed for this case and were largely devoted to preparing the EAJA application and participating in telephone calls. (doc. 25 at 3.) She asks that the request for 47.8 attorney hours be reduced to 36 hours, and 6.5 paralegal hours be reduced to 6 hours. (*Id.*)

Here, the Statement reflects five separate entries, totaling 5.7 attorney hours, reflecting phone conversations between Plaintiff and her counsel that occurred after Plaintiff's reply brief was filed on January 2, 2018. (doc. 22-2 at 5.) Plaintiff agreed to reduce each contact he had with Plaintiff after the filing of her reply brief to a maximum of 20 minutes, which results in a reduction of 4.3 attorney hours. (doc. 26 at 1.) A reduction of 4.3 attorney hours for attorney-client communications after Plaintiff's reply brief was filed is appropriate in this case. *Bates v. Colvin*, No. 3:13-CV-1659-L, 2014 WL 2547060, at *1 (N.D. Tex. June 5, 2014) (finding 30 minutes of counsel talking with their client twice about the result of his case was not excessive); *Taylor v. Colvin*, No. CV 15-3705, 2016 WL 4733287, at *2 (E.D. La. Aug. 23, 2016), *adopted sub nom. by* 2016 WL 4720004 (E.D. La. Sept. 8, 2016) (finding a total of one hour expended by counsel over the course of a year to provide quarterly updates on the status of his case was not unreasonable). The attorney hours requested for counsel communications with Plaintiff should be reduced by 4.3 hours.

4

### 2. *Time for Pursuing the EAJA Application*

The Commissioner also argues that the attorney and paralegal hours for work devoted to the preparation of the EAJA application are excessive. (doc. 25 at 3.) Under the EAJA, fees incurred in litigating a fee application are compensable. *Sandoval*, 86 F. Supp.2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir.1990) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *1 n. 1 (N.D. Tex. Mar. 15, 2011) (awarding plaintiff 3.5 hours of attorney work for defending the fee application against Commissioner's objections), *adopted by* 2011 WL 2990368 (N.D. Tex. July 22, 2011); *Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n. 1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

Here, there are entries in the Statement attributing 7.6 hours of attorney work and 1.25 hours of paralegal work for litigating the EAJA claim. (doc. 22-2 at 5.) It includes an entry for 270 minutes of attorney work and 40 minutes of paralegal work for legal services simply described as "7/5/17 - 10/25/18 - Completed the EAJA Time Sheet."[7] (*Id.*) It is unclear what services were actually rendered, or whether time apportioned for attorney work and paralegal work might be duplicative, however. *See Williams v. City of Balch Springs*, 1999 WL 1146802, at *2 (N.D. Tex. Nov. 17, 1999) (explaining that where the court finds that the work performed appears to be excessive or duplicative, the court may strike or reduce the time to be compensated). This time entry is not sufficiently detailed enough to adequately allow determination of whether the number of

---

[7] The Statement also includes an entry dated October 25, 2018, that attributes 185 minutes of attorney work to the completion of the EAJA application, memorandum, and order, and an entry dated October 14, 2018, that attributes 45 minutes of paralegal work to proofing and filing the "EAJA Packet." (*See* doc. 22-2 at 5.)

attorney hours worked on completing the EAJA Time Sheet is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining "[w]here the documentation of hours is inadequate," which hampers a court's ability to make an informed decision regarding the reasonableness of hours claimed, "the district court may reduce the award accordingly"). Nevertheless, this entry appears to reflect the time spent preparing the six-page Statement, which does not include the 185 minutes of attorney work devoted to preparing and filing the nine-page brief in support of Plaintiff's EAJA application. (*See* docs. 22-1; 22-2.)

Although Plaintiff does not request any additional time for her two-page response to the Commissioner's objections, the 7.6 hours of attorney work attributed to the EAJA claim appear excessive. (doc. 26 at 1.) The hours "not reasonably expended" should be excluded from a fee award. *Hensley,* 461 U.S. at 434. Accordingly, 3.5 attorney hours should be deducted from the work for completing the EAJA Time Sheet.[8]

In conclusion, the number of attorney hours should be reduced by 7.8 hours, and Plaintiff should be awarded attorney fees of 40 attorney hours at $193.75 per hour, and 6.5 hours of paralegal time at $95.00 per hour, for a total of $8,367.50.

**B.     Receipt of Payment**

The Commissioner next argues, and Plaintiff does not appear to disagree, that the award be made payable to Plaintiff and not his counsel. (doc. 25 at 3.)

---

[8] The Commissioner also argues that .5 hours of paralegal work attributed to the preparation of the EAJA application should also be should be deducted. (doc. 25 at 3.) As noted, there is recommendation for a reduction of 3.5 attorney hours for work attributed to completing the EAJA Time Sheet, which partially accounts for the paralegal work expended for this activity. While Plaintiff's counsel should not be awarded attorney's fees for clerical work that could easily be performed by support staff, the 40 minutes of paralegal work counsel spent completing the EAJA Time Sheet and the 45 minutes of paralegal work counsel spent proofreading and filing the EAJA Packet, are reasonable and should be reimbursed at the rate of $95.00 per hour. *Hayes v. Astrue*, No. 3-09-CV-2018-G BK, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010), *adopted by* 2011 WL 9049 (N.D. Tex. Jan. 3, 2011) (citing *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980)).

6

The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Adhering to *Ratliff's* express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the award is not subject to any offset by the government. *See, e.g., Goin*, 2013 WL 1797862, at *6 ("[C]onclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *see also Jackson v. Astrue*, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[ ] to the federal government"). Accordingly, the award of fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

### III.  RECOMMENDATION

Plaintiff's motion should be **GRANTED**, in part. Plaintiff should be awarded $8,367.50, which represents 40 attorney hours for legal services at the rate of $193.75 per hour, and 6.5 hours for paralegal work at the rate of $95.00 per hour.

**SO RECOMMENDED** this 3rd day of April, 2019.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```