IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONDA CROMEENS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:17-CV-2114-G-BH | |
| § | | |
| ANDREW SAUL, § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under the Social Security Act*, filed May 6, 2020 (doc. 31). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I.  BACKGROUND**

On August 10, 2017, Ronda Cromeens (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner)[2] to deny her claims for disability insurance benefits under the Social Security Act. (doc. 1.)[3] On November 27, 2017, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 20-21.) Plaintiff then moved for, and was granted, additional time to file her motion for attorney's fees under § 406(b) of the Social Security Act. (docs. 29, 30.) On April 24, 2019, her motion for attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $8,367.50

---

[1] By *Special Order No. 3-251*, this social security appeal was automatically referred for full case management.

[2] At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was granted. (docs. 22, 28.)

On remand, the Commissioner rendered a decision in Plaintiff's favor and awarded past-due benefits in the amount of $78,508.52. (*See* docs. 31 at 5;31-1.) As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) of the Social Security Act to pay her attorney $19,627.13, which represents 25% of the past-due benefits she received. (docs. 31 at 5; 31-2 at 3.) Based on the 40.25 hours[4] of attorney work devoted to the appeal of this case, Plaintiff's request for an award of $19,627.13 represents an hourly rate of $487.63. (*See* docs. 22-2; 31 at 5.) The Commissioner timely responded but declined to assert a position on the reasonableness of Plaintiff's fee request on grounds that he "is not the true party in interest[,]" and instead asks the court to resolve the questions of reasonableness and timeliness. (doc. 34 at 1-2.) Plaintiff replied, alleging that her attorney made several unsuccessful attempts to obtain the final calculation of benefits from the Social Security Administration, and although she had received the notice of award, her attorney did not receive a copy until early May 2020. (*See* doc. 35 at 1.)

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment

---

[4] Although Plaintiff's motion contends that 40 attorney hours were expended, the billing records actually reflect 40.25 attorney hours. (*Compare* doc. 22-2 *with* docs. 31 at 5.)

2

favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A).[5]  While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807.  Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*[6]

A. **Timeliness**

The Commissioner appears to raise the issue of whether the motion for fees is untimely. (*See* doc. 34 at 8.)

While § 406(b) itself does not contain a specific time period for the filing of a request for attorney's fees, the Fifth Circuit has suggested that a motion for attorney's fees under § 406(b) should be filed within 14 days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006) (noting that Rule

---

[5]The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

[6]As noted, the Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request. (doc. 34 at 1-2.)  As the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

3

54(d)(2)(B) provides for a 14–day period for requesting attorney's fees "[u]nless otherwise provided by statute or order of the court" and finding abuse of discretion where district court dismissed applications as untimely without first imposing a deadline to re-file plaintiff's premature attorney's fees applications). The court recognized, however, that when a case is remanded back to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within 14 days of the entry of judgment. *Foster v. Astrue*, No. CIV.A. H-09-173, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, No. CIV.A. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). The better course of action therefore is to file the motion in a timely manner after the award of benefits. *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657); *see also Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *3 (S.D. Tex. Oct. 12, 2017) ("The deadline will not be extended indefinitely, however, and the fee request must be made within 'a reasonable time.' ") (collecting cases).[7]

Here, Plaintiff moved for and received additional time to file for attorney's fees under § 406(b). (doc. 29.) She had "30 days subsequent to the Social Security Administration's final calculation of 25 percent of Plaintiffs retroactive benefits to file her [motion] for attorneys fees[.]" (doc. 30.) Plaintiff contends that her attorney made several unsuccessful attempts to obtain the final calculation of benefits from the Social Security Administration, and although she had received the notice of award, her attorney did not receive a copy until early May 2020. (*See* doc. 35 at 1.) Her

---

[7] District courts in this circuit have used their discretion to find motions timely even when they have been filed more than fourteen days after the award of benefits. *Compare Daigle v. Social Sec. Admin.*, No. CIV.A. 06-2393, 2010 WL 3522389, at 1-3 (W.D. La. Aug 31, 2010) (attorney's fees motion was timely when filed over four months after the Commissioner issued a favorable decision) and *Foster*, 2011 WL 4479087, at *2 (motion was timely when filed four months after the Commissioner issued a favorable decision), with *Taharah v. Astrue*, No. CIV.A. 4:06-3801, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (motion was untimely when filed a year after the notice of award).

attorney then filed the motion for attorney's fees on May 6, 2020. (doc. 31; doc. 35 at 1.) Even though the motion for attorney's fees was filed over five months after the notice of award dated October 28, 2019, her motion was filed within a reasonable time after her attorney received a copy of the notice. *See Russell W. v. Comm'r of Soc. Sec.*, No. 7:16-CV-00008 (MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (declining "to deny [the] [p]laintiff's motion on the basis of untimeliness" because the three month delay in filing for attorney's fees was due to counsel not receiving an initial copy of the notice of award); *see also Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *3 (S.D. Miss. Feb. 23, 2016) (finding that an eight month delay was not untimely and "granting the award would not prejudice the claimant, but denying the award would eliminate a benefit due [the] [p]laintiff's counsel under the contract.").

Because Plaintiff's counsel did not receive a copy of the notice of award until early May, and the motion for attorney's fees under § 406(b) was promptly filed after receipt, it was filed within a reasonable time. *See Pierce*, 440 F.3d at 664.

**B.     Reasonableness**

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[8]  *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801).  Noting that § 406(b) is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under this statute.  *See Gisbrecht*, 535 U.S. at 801.  Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some

---

[8]This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted).

5

instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Id.* at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Jeter*, 622 F.3d at 381. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[9] *Id.* at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation

---

[9] The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C. §§ 2412(d)(1)(A) and (2)(A).

marks omitted).

As to the first factor recognized in *Jeter*, courts have consistently noted that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average, only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 13.)

With regard to the third factor, i.e., the percentage of the past-due benefits the fee constitutes, the requested fee of $19,627.13 constitutes exactly 25 percent of the past-due benefits that were awarded on remand. (doc. 31 at 5.) This does not exceed the maximum allowable under § 406(b). *See Gisbrecht*, 535 U.S. at 807.

The fourth factor focuses on the value of the case to the claimant. Here, the value is significant to Plaintiff because on remand, the Commissioner determined that she became disabled beginning in August 2015. (doc. 31-2 at 1.) She was awarded past-due benefits of $78,508.52, and will continue to receive Title II benefits. *See Guillen v. Berryhill*, No. 3:16-CV-1397-D-BT, 2018 WL 6840880, at *2 (N.D. Tex. Dec. 14, 2018), *report and recommendation adopted*, No. 3:16-CV-1397-D, 2018 WL 6840088 (N.D. Tex. Dec. 31, 2018) (finding that "the value of the case to [the] [p]laintiff was significant as the Commissioner" determined that she had been under a disability and was entailed to past-due benefits).

The last factor is whether the client consents to the requested fee. While certainly not

7

determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee in this case. (doc. 31-3); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis original)).

Finally, counsel's effective hourly rate is $487.63. Dividing the fee sought ($19,627.13) by the 40.25 hours of attorney work devoted to the appeal of this case, results in an effective hourly rate of $487.63. (*See* docs. 22-2; 31 at 5.) The resulting hourly rate falls well below amounts that have been approved by courts as reasonable. *See, e.g.*, *Doskocil v. Comm'r of Soc. Sec.*, No. 3:17-CV-2434-L-BK, 2020 WL 4195955, at *2 (N.D. Tex. June 11, 2020) (finding that the resulting hourly rate of $676.05 was reasonable and "well within the range previously approved in other social security cases."); *Jovita F. v. Saul*, No. 3:17-CV-00945-L-BT, 2020 WL 3406195, at *2 (N.D. Tex. Mar. 30, 2020) (finding that in light of factors the resulting hourly fee of $650.00 was reasonable); *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (finding the resulting hourly rate of $937.50 to be reasonable in light of the risks associated with contingency agreements). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 35 hours reviewing the evidence, analyzing four legal issues, and drafting a 23-page appellate brief and an 14-page reply brief. (*See* docs. 16, 18, 26-2.) Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work.

After weighing the relevant factors, the court finds that the requested contingency fee award in the amount of $19,627.13 is reasonable and should be granted.

**C.     EAJA Refund**

Commissioner contends that if Plaintiff's motion under § 406(b) is granted, her attorney must refund the $8,367.50 in EAJA fees he received to Plaintiff. (doc. 34 at 6.)

As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* doc. 28.) "A claimant's attorney may either reduce a § 406(b) claim by the amount of EAJA fees, or may receive both fees, but must then refund the smaller of the two fees to the plaintiff." *Bradford v. Comm'r of Soc. Sec.*, No. 3:18-CV-123-DAS, 2020 WL 5995690, at *3 (N.D. Miss. Oct. 9, 2020) (citing *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 2173 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.")); *see also Gisbrecht*, 535 U.S. at 796 (when both EAJA fees and § 406(b) fees are awarded, counsel is required to "refund to the [plaintiff] the amount of the smaller fee." ).

Here, Plaintiff's counsel represents that he will properly refund the $8,367.50 that he received under EAJA. (*See* doc. 31 at 6.) Because Plaintiff's fee request of $19,627.13 under § 406(b) is reasonable and should be awarded, counsel should return to Plaintiff the smaller fee of $8,367.50 awarded under the EAJA. *See Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *5 (W.D. Tex. June 5, 2019) (finding that because the fee request under § 406(b) was reasonable and should be awarded, the plaintiff's counsel must refund to her the smaller fee awarded under EAJA); *see also Tate*, 2016 WL 744474, at *4 (granting the plaintiff's motion for attorney's fees under § 406(b) and requiring that the plaintiff's counsel refund the $4,738.09 in EAJA fees to

9

the plaintiff).

## III.  RECOMMENDATION

Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under the Social Security Act*, filed May 6, 2020 (doc. 31), should be **GRANTED**, and her counsel should be awarded $19,627.13 in attorney's fees out of her past-due benefits under 42 U.S.C. § 406(b).  The award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to her counsel.

**SO RECOMMENDED** on this 13th day of November, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE